IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TANISHA ALFORD,

Plaintiff,

vs.

WALMART INC.,

Defendant.

8:24CV508

MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff Tanisha Alford's demand for a jury trial. Filing No. 40. Plaintiff demanded a jury for the first time on February 2, 2026, more than a year after Defendant Walmart Inc. removed this action to federal court. Defendant contends Plaintiff's jury demand is untimely and requests the Court strike or deny Plaintiff's request for trial by jury. For the reasons set forth herein, this case will be tried to a jury.

In removal actions, "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."[1] Fed. R. Civ. Proc. 81(c)(3)(A). In Nebraska, a plaintiff is not required to expressly demand a jury trial on issues of fact. *See* Neb. Rev. Stat. § 25-1104. Plaintiff alleges she was injured at Walmart when the metal holder for a display sign hit

---

[1] Federal Rule of Civil Procedure 81(c)(3)(B) sets a 14-day deadline for a party to serve a jury demand when all necessary pleadings have been served at the time of removal. This subsection is inapplicable because Defendant filed and served the Answer after removal. *See* Filing No. 5; *Gilmore v. O'Daniel Motor Cntr., Inc.*, No. 8:10CV57, 2010 WL 1991559, at *1 (D. Neb. May 17, 2010) (interpreting "necessary pleadings" to mean both the complaint and the answer).

1

her on the back of the head and shoulder. Filing No. 1-1 at 1. This involves issues of fact. Plaintiff was not required to expressly demand a jury on her claims under Nebraska law.

This means Plaintiff "is automatically entitled to a trial by jury in federal court without the need to make an express demand" "unless the court directed that [Plaintiff] expressly demand a jury trial within a specified time[.]" *Bruns v. Amana*, 131 F.3d 761, 762 (8th Cir. 1997). The local rules do not set a time for filing a jury demand upon removal.[2] *See* NECivR 38.1. And the Court did not otherwise set a time for filing a jury demand in this case.[3] Plaintiff's jury demand is timely pursuant to Rule 81.

Even if Plaintiff's jury demand were untimely, however, the Court would grant her motion to order a jury trial pursuant to Federal Rule of Civil Procedure 39. Rule 39 allows the Court to "order a jury trial on any issue for which a jury might have been demanded." "District courts have broad discretion in deciding whether to order a jury trial under Rule 39." *Daramola v. Dungarvin Minnesota LLC*, No. 24-cv-761, 2025 WL 2945447, at *1 (D. Minn. Oct. 17, 2025). "The Eighth Circuit notes courts 'ought to approach each application under Rule 39(b) with an open mind and that jury trials ought to be liberally granted when no prejudice results[.]'" *Acosta v. Tyson Foods, Inc.*, No. 8:08CV86, 2012 WL 4105078, at *3 (D. Neb. Sept. 18, 2012) (quoting *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980)). In determining whether to exercise its discretion to order a jury trial under Rule 39, the Court considers:

> (1) whether the case involves issues that are best tried to a jury; (2) whether granting the motion (to allow a jury) would disrupt the court's schedule; (3) the degree of prejudice to the adverse party caused by allowing the late filed demand; (4) the length of delay in having requested a jury and (5) the reason for the movant's tardiness.

---

[2]  In *Bruns*, the jury demand was untimely because a local rule set a deadline for filing a jury demand upon removal. *See* 131 F.3d at 762 (citing NECivR 81.2 (effective July 1, 1996)). This local rule no longer exists.

[3]  The Court did set a deadline for amending pleadings. *See* Filing No. 6. This deadline is not implicated because a jury demand is not a pleading, *see* Fed. R. Civ. Proc. 7(a), and may be filed separately from the complaint. *See* Fed. R. Civ. Proc. 38(b); *see also Clark v. GeoVera Spec. Ins. Co.*, No. 23-5521, 2025 WL 1411928, at *2 (E.D. La. May 15, 2025) (collecting cases) (courts regularly treat motions to amend solely for the purpose of adding a jury demand as Rule 39(b) motions, not Rule 15 motions to amend).

2

*Daramola*, No. 24-cv-761, 2025 WL 2945447, at *1 (quoting *Seow v. Miyabi Inc.*, No. 19-cv-2692, 2020 WL 10758881, at *2 (D. Minn. Apr. 14, 2020)).

Here, this case involves factual issues well suited to a jury. On January 27, 2026, this case was set for a bench trial. Plaintiff, who is proceeding pro se, quickly demanded a jury trial on February 2 after she realized her claims would be tried to the Court. Trial is set to start July 28, 2026. Granting Plaintiff's motion will not necessitate a continuance affecting the Court's trial schedule. Though Defendant argues otherwise, the Court is not convinced Defendant is prejudiced in its trial preparation because trial is not set to occur for another five months. The Court acknowledges that trying this case to a jury will likely result in additional time and expense for Defendant but, considering the circumstances, this is insufficient reason to deny Plaintiff's motion. Accordingly, even if Plaintiff's jury demand is untimely, the Court would grant Plaintiff's motion for a jury trial pursuant to Rule 39.

## CONCLUSION

1) Plaintiff's jury demand is deemed timely and Plaintiff's Rule 39 motion for a jury trial, Filing No. 40, is granted.

2) The Clerk shall modify the docket to reflect Plaintiff demanded a jury.

3) An amended trial setting order reflecting this case will be tried to a jury is forthcoming. The parties shall advise the Court, within seven days of the date of this Order, if they anticipate the jury trial in this matter will last longer than three days.

Dated this 27th day of February, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

3